COBB, Judge.
The appellant, Andrew Charneski, was convicted of aggravated battery on one David Cripanuk and simple battery on the latter’s father, Peter Cripanuk. The charges arose from a fracas that originated between Charneski and David Cripanuk at a bar and culminated in a physical altercation some distance down the road within and beside Peter Cripanuk’s truck. The Cripanuks’ version of the altercation was that they were the victims of an unprovoked attack by an aggressive and inebriated Charneski; the latter’s version was that the incident was precipitated by David’s seizure of his (Charneski’s) truck keys at the bar and running off with them, causing him concern because of valuable tools in the truck and his knowledge that David Cripanuk had recently been released from prison.
During the course of the defendant’s direct testimony, the following colloquy occurred:
[DEFENSE COUNSEL]:
Q. Is there anything that they had ever done or said prior to this incident that played any part in your decision to act in the way that you did?
[PROSECUTOR]: Objection. Relevancy-
THE WITNESS: Dave just got out of jail.
[PROSECUTOR]: Objection. Relevancy to other acts, other prior acts are not related to this incident.
THE COURT: Restate the question.
[DEFENSE COUNSEL]: Was there anything that they had ever done or said prior to this incident that played any part in your decision to strike back in the manner that you did?
THE COURT: Overruled.
*487 THE WITNESS: What did he say?
[DEFENSE COUNSEL]: He said overruled. Answer the question.
THE WITNESS: I don’t believe anything was said except I know that David had just gotten out of prison.
[PROSECUTOR]: Objection. Relevancy. Prejudicial Your Honor.
THE COURT: Sustained.
[DEFENSE COUNSEL]: He answered the question, Your Honor.
[PROSECUTOR]: Ask to strike, Your Honor.
THE COURT: Motion granted.
As a consequence of the court’s ruling, the jury was not allowed to consider the defendant’s professed knowledge of, and purported motivation by, the fact that David Cripanuk “had just gotten out of prison.” Moreover, this precluded defense counsel from addressing this motivation on Charneski’s part in closing argument to the jury.
Following the charge conference, defense counsel unsuccessfully moved to have the court reconsider its ruling and instruct the jury that it could consider the stricken testimony. Defense counsel argued at that time:
What we’re saying is basically that we want to be able to argue to the Jury that my client’s state of mind was due in relation to the fact that he saw that fellow going out of the bar with the keys to his truck which contained thousands of dollars in tools and equipment and he knew that that guy had just gotten out of jail. That’s fair comment.
The trial judge overruled the motion, apparently on the basis that “self defense is an objective standard as opposed to subjective.” In other words, the trial judge held that the defendant’s stated basis for his concern about his truck keys and his pursuit of David Cripanuk away from the bar was irrelevant and could not be considered by the jury. Clearly, this was error. The question of whether or not Charneski was telling the truth about this matter was a question for the jury, not the judge, and the jury was entitled to consider this testimony in evaluating the truth or falsity of the conflicting versions of the altercation. It was not a question of whether Cripanuk had actually been in prison but whether or not Charneski had heard and believed that he had, a matter only Charneski could testify about.
This ruling by the trial court mandates reversal for a new trial. At that trial, we trust that the deficiencies ascribed by appellate defense counsel to the pérformance by defense counsel at trial — e.g., failure to obtain medical and criminal records for impeachment — will be remedied.
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH and PETERSON, JJ., concur.